JOURNAL ENTRY AND OPINION
{¶ 1} This case arises from a motor vehicle accident involving appellant, Barbara Diaz, and appellee, Anthony Rucella, an insured of appellee Progressive Insurance, which occurred on May 21, 2004. The parties stipulated to liability, and the case was tried before a jury in the common pleas court as to damages only. After hearing testimony from appellant, her physician and several other lay witnesses, the jury returned a verdict in the amount of $1,055,251. Upon appellees' motion and the concurrence of appellant, the trial court remitted the damages award to $450,000. Appellant then filed a motion for prejudgment interest, which the trial court denied. For the reasons that follow, we affirm the decision of the trial court and overrule appellant's sole assignment of error.
 {¶ 2} "I. THE TRIAL COURT ERRED IN DENYING PLAINTIFF BARBARA DIAZ'S MOTION FOR PREJUDGMENT INTEREST."
 {¶ 3} Prejudgment interest is authorized pursuant to R.C.1343.03 which states in pertinent part:
 {¶ 4} "(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case, and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
 {¶ 5} The seminal decision setting forth the guidelines for Ohio courts determining the question of prejudgment interest isKalain v. Smith (1986), 25 Ohio St.3d 157, at the syllabus, where the court held:
 {¶ 6} "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party."
 {¶ 7} The Kalain court also noted that the statute requires all parties to make an honest effort to settle a case. A party may have "failed to make a good faith effort to settle," even when he has not acted in bad faith. The decision as to whether a party's settlement efforts indicate good faith is generally within the sound discretion of the trial court. Id., citing toHuffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83. The party seeking prejudgment interest bears the burden of demonstrating that the other party failed to make a good faith effort to settle the case. Moskovitz v. Mt. Sinai Med. Ctr.
(1994), 69 Ohio St.3d 638, 659, 635 N.E.2d 331.
 {¶ 8} When considering a trial court's decision on a motion for prejudgment interest, this court's duty is to determine whether the trial court abused its discretion, that is, whether it acted unreasonably, arbitrarily, or unconscionably. Kalain,
supra. If there is evidence in the record which supports the trial court's decision, it should be affirmed. Bisler v. DelVecchio (July 1, 1999), Cuyahoga App. No. 74300.; Algood v.Smith (Apr. 20, 2000), Cuyahoga App. Nos. 76121, 76122.
 {¶ 9} By the admission of both parties in the instant matter, the trial court was actively involved in the settlement attempts prior to trial. In determining whether these efforts were reasonable for purposes of ruling on a prejudgment interest motion, the trial court is not limited to the evidence presented at the prejudgment interest hearing. The court may also review the evidence presented at trial, as well as its prior rulings and jury instructions, especially when considering such factors as the type of case, the injuries involved, applicable law, and the available defenses. Otherwise, "the hearing required under R.C.1343.03(C) may amount to nothing less than a retrial of the entire case." Galmish v. Cicchini, 90 Ohio St.3d 22,2000-Ohio-7, 734 N.E.2d 782, citing to Moskovitz, supra, at 661. Appellant does not allege that the trial court failed to completely and properly consider its motion for prejudgment interest.
 {¶ 10} Appellant has not met her burden of demonstrating how appellees failed to make a good faith effort to settle the case prior to trial. From a review of the record presented, it appears that appellant's demand for settlement on the eve of trial was $75,000 and appellees' last offer for settlement was $60,000. This was an objectively reasonable settlement offer and was well within the range of appellant's settlement demand. There are no allegations that appellees failed to participate in the discovery process or that appellees attempted to create unnecessary delay during the pendency of the case.
 {¶ 11} We find no abuse of discretion on the part of the trial court in this matter. Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., Concur.